# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2022

Lyle W. Cayce
Clerk

No. 21-10607
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CECIL CHARLES CASEL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-125-1

Before BARKSDALE, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Cecil Charles Casel pleaded guilty to attempted child sex trafficking, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), 1594(a). He was sentenced to, *inter alia*, an above-Sentencing-Guidelines-range term of 175-months' imprisonment. He contends that the Government's statements at

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

sentencing breached its promise in the plea agreement to recommend a sentence at the low end of the Guidelines sentencing range.

Generally, whether a breach occurred is a legal issue, reviewed *de novo*. *United States v. Purser*, 747 F.3d 284, 290 (5th Cir. 2014). Because Casel's counsel's remarks at sentencing were insufficient to alert the district court to any alleged breach, however, review is only for plain error. *See United States v. Tapia*, 946 F.3d 729, 733 (5th Cir. 2020) (concluding remarks at sentencing were insufficient to preserve plea-agreement-breach challenge because defendant "merely noted the prohibition without clearly stating that the Government was violating the plea agreement"). Under that standard, Casel must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Casel fails to show the Government clearly or obviously violated any express promise in the plea agreement, and that, therefore, the court committed plain error. The plea agreement stipulated that the Government recommend a sentence at the low end of the Guidelines range. The Government's sentencing recommendation was included in the presentence investigation report, and the Government's statements at sentencing confirmed that recommendation and did not withdraw it. *See United States v. Reeves*, 255 F.3d 208, 210–11 (5th Cir. 2001) (affirming sentence).

Moreover, even assuming *arguendo* plain error is shown, Casel fails to show it affected his substantial rights. In other words, he has not shown a reasonable probability that, but for the plain error, he would have received a

No. 21-10607

lesser sentence. *See Puckett*, 556 U.S. at 141–42 & n.4 (noting "the 'outcome' [defendant] must show to have been affected is his sentence").

AFFIRMED.